**SO ORDERED.**

**SIGNED this 12th day of December, 2018.**



_Dale L. Somers_
Dale L. Somers
United States Chief Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In re: | |
| **Nathaniel Michael Parks**<br>**Megan Lynne Parks,** | **Case No. 18-40736-7** |
| **Debtors.** | |

**Memorandum Opinion and Order**
**Granting Trustee's Objection to Exemption**

It appears that Debtors Nathaniel and Megan Parks—or perhaps their

bankruptcy attorney—engaged in creative pre-petition bankruptcy planning.

Debtors purchased several gift cards from local retailers totaling $4000, and

claim those gift cards are exempt under the Kansas statute exempting

household furnishings and supplies. The Trustee objects to the exemption of

the gift cards, arguing that the gift cards are essentially cash that is not

exempt under Kansas's exemption statutes.

The Court concludes that the Kansas exemption for "furnishings, equipment and supplies, including food, fuel and clothing" cannot be read as broadly as requested by Debtors. As a result, the Court sustains the Trustee's objection to exemption.[1]

## I. Findings of Fact

Debtors, through the assistance of counsel,[2] filed their Chapter 7 bankruptcy petition on June 22, 2018. Debtors had several civil cases pending against them at the time and both of their wages were also being garnished. At filing, Debtors' Schedule B—in the section for "[a]ny other personal and household items you did not already list"— listed three gift cards with values totaling $4000: "Costco Gift Cards $2000," "Target Gift Cards $1000," and "Quick Trip $1000." Debtors' Schedule C then exempted those gift cards under the Kansas exemption for household furnishings and supplies, Kan. Stat. Ann. § 60-2304(a). Shortly thereafter, the Trustee objected to the exemption by arguing that the gift cards were "essentially cash," and therefore, did not qualify as household furnishings or supplies. The parties

---

[1]  Doc. 14.

[2]  Debtors appear by Wesley E. Smith. The Trustee Robert L. Baer appears personally.

2

stipulated that the gift cards "can only be redeemed towards the purchase of merchandise sold by the issuing retailer" and can be used "by anyone in possession of the card."[3] The parties also stipulated that the gift cards could be "sold on the secondary market," and that "websites exist for that purpose."[4]

## II.    Conclusions of Law

### A.    Objections to Exemption

When a debtor files a petition for bankruptcy relief, an estate is created.[5] That bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[6] The Bankruptcy Code does, however, permit the exemption of certain property from the estate.[7] Kansas has opted out of using federal exemptions in favor of state-specific exemptions that are "applicable as of the filing date."[8]

In a challenge to a claimed exemption, the objecting party—here the

---

[3]  Doc. 44 ¶ 12..

[4]  *Id.* ¶ 13.

[5]  11 U.S.C. § 541(a) ("The commencement of a case under . . . this title creates an estate.").

[6]  *Id.* § 541(a)(1).

[7]  *See id.* § 522(b)(1) ("Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection.").

[8]  *Id.* § 522(b)(2)–(3); Kan. Stat. Ann. § 60-2312.

3

Trustee—has the "burden of proving that the exemptions are not properly claimed."[9] Under Kansas law, exemption statutes are to be liberally construed for the benefit of the debtor.[10]

The Court has jurisdiction to decide contested matters such as the Trustee's objection to exemption.[11] This matter constitutes a core proceeding.[12]

### B.    Exemption of Household Furnishings and Supplies

Under Kan. Stat. Ann. § 60-2304(a), a Kansas debtor can "exempt from seizure and sale" the "furnishings, equipment and supplies, including food, fuel and clothing, for the person which is in the person's present possession and is reasonably necessary at the principal residence of the person for a

---

[9]  Fed. R. Bankr. P. 4003(c).

[10]  *Hodes v. Jenkins (In re Hodes)*, 308 B.R. 61, 65 (10th Cir. BAP 2004) ("Under Kansas law, exemption statutes are to be liberally construed in favor of those intended by the legislature to be benefitted."); *In re Hall*, 395 B.R. 722, 730 (Bankr. D. Kan. 2008) (stating that "the Kansas Supreme Court has directed that exemption claims are to be liberally construed in favor of debtors").

[11]  This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Amended Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy Judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013. D. Kan. Standing Order 13-1, *printed in* D. Kan. Rules of Practice and Procedure (March 2018).

[12]  A motion objecting to exemptions is a core proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(B). There is no objection to venue or jurisdiction over the parties.

4

period of one year." There are no value limitations on the exemption.[13] The

exemption is not limited to "indispensable" goods.[14] But, to be exempt under §

60-2304(a), the court must be able to make the factual determination that the

property is reasonable and necessary to the debtor's customary standard of

living.[15]

### C. The Trustee Has Carried His Burden to Show that the Exemption was Not Properly Claimed

The Court begins as it must, with the express language of the

exemption statute.[16] As stated above, Kansas exempts under § 60-2304(a)

"furnishings, equipment and supplies, including food, fuel and clothing." But

there are limits. The exemption applies only to what "is in the person's

present possession," and to what "is reasonably necessary at the principal

residence . . . for a period of one year."

On their face, gift cards do not appear to fall within the statute's

contours. Gift cards are not furnishings, equipment, or supplies that are in a

debtor's present possession. At best, a gift card is a purchase instrument that

---

[13] *In re Noland*, 13 B.R. 766, 770 (Bankr. D. Kan. 1981).

[14] *Nohinek v. Logsdon*, 628 P.2d 257, 259 (Kan. Ct. App. 1981).

[15] *Id.*

[16] *See Mallo v. IRS (In re Mallo)*, 774 F.3d 1313, 1317 (10th Cir. 2014) (noting that court must begin its statutory analysis "by examining the statute's plain language").

5

can buy a *future* furnishing or supply—but that raises two issues. First, how are gift cards different than cash, which is not exempt? Cash can be used to buy lots of things that are not "reasonably necessary at the principal residence . . . for a period of one year." And second, how can gift cards satisfy the "present possession" requirement of the exemption statute?

Regarding the Trustee's argument that the gift cards are akin to cash, and, therefore, like cash, are not exempt,[17] Debtors argue that Kansas statutes related to gift cards disprove this argument. Under Kan. Stat. Ann. § 50-6,108(f)(1), a gift card is defined as "a tangible device, whereon is embedded or encoded in an electronic or other format a value issued in exchange for payment, which promises to provide to the bearer merchandise of equal value to the remaining balance of the device." The parties' stipulations show that the gift cards at issue fit this definition. And the Kansas statutes treat gift cards differently than a "prepaid bank card," which is defined as "a general use, prepaid card or other electronic payment device that is issued by a bank . . . in a predenominated amount useable at multiple, unaffiliated merchants or at automated teller machines, or both."[18] The

---

[17] *See, e.g.*, *In re Spencer*, 362 B.R. 489, 491 (Bankr. D. Kan. 2006) (noting that there is no Kansas exemption for funds in a bank account and that cash is "certainly not within the definition of household goods").

[18] Kan. Stat. Ann. § 50-6,108(f)(3).

Case 18-40736   Doc# 49   Filed 12/12/18   Page 6 of 11

definition of "gift card" specifically states that a gift card "does not include a prepaid bank card."[19]

From this, however, the court can only conclude that a prepaid bank card is essentially a gift card that can be used at a variety of retailers, whereas the gift card is limited in who the bearer can purchase from. But the parties stipulate that the gift cards at issue can be sold for cash. This cash could then be used to pay favored creditors. In addition, although the parties stipulate that the gift cards can "only be redeemed for merchandise," the court can take judicial notice of the readily ascertainable fact that the word "merchandise" can include flat screen televisions, dirt bikes, or jewelry that can then be given as gifts.[20] Even the gas station gift card could be used for toys or trinkets. Debtors' counsel's argument that the retailers Debtors bought gift cards from "only sell household goods, food, and fuel" and therefore are equivalent to goods, food, and fuel is belied by common sense. Just because something is a "good," does not mean that it is a good that is reasonably necessary at a person's household for the year.

---

[19]  *Id.* § 50-6,108(f)(1).

[20]  *See In re Huynh*, 379 B.R. 865 (Bankr. D. Minn. 2008) (detailing debtor's scheme to purchase gift cards on her credit card, and then sell the gift cards for cash to fund her gambling habit; debtor also used the gift cards to purchase jewelry and electronics).

Debtors try to avoid the second pitfall—satisfying the "present possession" requirement of Kansas's exemption—by advancing a novel argument for the application of equitable conversion. Under this doctrine, when parties enter a sales contract for a piece of land, the money designated to be used for that land is considered realty and the realty is considered personalty.[21] As the Tenth Circuit noted:

> When parties enter into a sales contract that is subject to specific performance . . . the equity courts say that the buyer is a kind of equitable owner of the property and the seller is the equitable owner of the money. This is the "conversion"—the seller now equitably owns money and the buyer now equitably owns land.[22]

Debtors' contend that the gift cards, currently in their present possession, created a binding sales contract with the applicable retailers for the exchange of the goods the retailers sell. Therefore, Debtors argue, the goods should be considered in their present possession because the gift cards were equitably converted into merchandise at the time the gift cards were activated.

But the Tenth Circuit noted the narrowness of the equitable conversion doctrine in the case cited and relied on by Debtors, *In re Hodes*. In that case, the Tenth Circuit emphasized that the doctrine should only be applied when converting personalty to realty, and *only* to that portion of the personalty that

---

[21] *Hood v. Hodes (In re Hodes)*, 402 F.3d 1005, 1012 (10th Cir. 2005).

[22] *Id.* (internal quotation and alterations omitted).

is actually spent on the realty at issue.[23] The application of the doctrine in this case simply does not fit. The gift cards are not being used for realty. In addition, the gift cards have not been actually spent on property that would be exempt—they have not been used to purchase any property that would fit under the exemption as required by *In re Hodes*.[24]

Finally, the available case law does not support the use of the Kansas household furnishings exemption for gift cards. The court can find no Kansas cases addressing the exemption of gift cards, and none within the Tenth Circuit either. There are two cases from bankruptcy courts in Arizona, however, where the debtors have tried to exempt gift cards under the Arizona exemption statute with similar wording, and the debtors therein have *not* been successful.[25] In both cases, the applicable Arizona exemption statute being examined provided: "All food, fuel and provisions actually provided for the debtor's individual or family use for six months are exempt from

---

[23]  *Id.* at 1013.

[24]  *See id.* ("At the risk of stating the obvious, we wish to make it clear that the Hodeses may not claim as exempt any part of the deposit that is not actually spent on improvements to the homestead; on this necessary limitation to the exemption we agree with the bankruptcy and district courts.").

[25]  *In re Glimcher*, 458 B.R. 549, 552 (Bankr. D. Ariz. 2011); *In re Gietl*, No. 4-09-bk-08828-EWH, 2009 WL 3872153, at *2 (Bankr. D. Ariz. Nov. 16, 2009).

9

process."[26]

In the older of the cases, *In re Gietl*, the bankruptcy court concluded that gift cards to the Fry's grocery store were not exempt under the Arizona food and fuel exemption.[27] The bankruptcy court declined to interpret the Arizona exemption as broadly as requested by the debtors, because the phrase "actually provided" limited the exemption to the actual food and fuel on hand, and not the cash equivalent for the provisions.[28] The *Gietl* court also noted the gift card was "the functional equivalent to cash" and that, "while it may not be redeemable for cash, the Gift Certificate may be freely transferred and, therefore, the Trustee could presumably sell the Gift Certificate for the benefit of creditors."[29] The second case, *In re Glimcher*, held similarly that a gift card to a Safeway grocery store was not exempt under the food and fuel exemption.[30] The *Glimcher* court added that Arizona's overall exemption scheme seemed intent on exemptions for assets in the state they exist at the time of the bankruptcy petition or levy; for example, exemptions for seed

---

[26] *In re Glimcher*, 458 B.R. at 549 n.1; *In re Gietl*, 2009 Wl 3872153, at *1.

[27] *In re Gietl*, 2009 WL 3872153, at *1–2.

[28] *Id.*

[29] *Id.* at *1 n.1.

[30] *In re Glimcher*, 458 B.R. at 552.

10

crops are different than exemptions for food.[31]

Like the Arizona exemption statute at issue in these cases, the Kansas exemption statute exempts only the furnishings in the person's present possession, i.e., those actually existing at the time the bankruptcy petition is filed. Otherwise the phrase "present possession" would be superfluous. If Kansas intended to exempt the cash or gift cards that could be used by a debtor in the next year to purchase household furnishings it could have said so. The court acknowledges the liberal construction afforded to exemption statutes in Kansas, but the construction urged by Debtors is unsupportable by the overall statutory scheme. The exemption of gift cards simply was not contemplated by the Kansas exemptions.

## III. Conclusion

The Trustee has carried his burden to show that Debtors' exemption of the gift cards at issue was improperly claimed. As a result, the Trustee's objection to exemption[32] is sustained.

**It is so Ordered**.

# # #

---

[31] *Id.* at 551–52.

[32] Doc. 14.

11